IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KARLA S. REIKEN,

   Plaintiff,

v.

HARRIS & HARRIS, LTD.,

   Defendant.

Case No. 1:20-cv-00705

## COMPLAINT

NOW COMES, KARLA S. REIKEN, through undersigned counsel, complaining of HARRIS & HARRIS, LTD., as follows:

## NATURE OF THE ACTION

1. This action seeks damages for alleged violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. KARLA S. REIKEN ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Fort Branch, Indiana.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. HARRIS & HARRIS, LTD. ("Defendant") is a corporation organized and existing under the laws of the state of Illinois.

1

7. Defendant has its principal place of business at 111 West Jackson Boulevard, Suite 400, Chicago, Illinois 60604.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. At all times relevant, Plaintiff's number ending in 3740 was assigned to a landline telephone line.

11. At all times relevant, Plaintiff was financially responsible for her landline telephone services.

12. Plaintiff sought medical treatment from Indiana University Health Medical Center ("IU Health").

13. Said medical treatment resulted in medical bills.

14. Those bills are a "debt" as defined by 15 U.S.C. § 1692a(5).

15. Plaintiff's account, once unpaid, was referred for collection.

16. Approximately, six months ago, Plaintiff started to receive phone calls from Defendant.

17. On multiple occasions, Plaintiff answered.

18. On multiple occasions, Plaintiff told Defendant "[s]top calling!"

19. Nonetheless, Plaintiff continues to receive daily phone calls from numbers leading back to Defendant – including, (312) 348-1580; (312) 574-1806 and (312) 893-4801.

20. Defendant's phone calls resulted in aggravation that accompanies unwanted, unauthorized, unconsented-to phone calls, anxiety, distress, invasion of privacy, and nuisance.

21. Concerned with having had her rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices stopped.

22. Accordingly, Plaintiff is forced to expend energy and/or time consulting with attorneys as direct result of Defendant's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

23. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d

24. Section 1692d provides:

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

25. Defendant violated 15 U.S.C. § 1692d(5) by continuing to place daily phone calls to Plaintiff in spite of Plaintiff's multiple requests that they stop calling.

26. As alleged, on multiple occasions, Plaintiff explicitly instructed Defendant to stop calling.

27. Defendant's behavior of continuing to place daily phone calls to Plaintiff was abusive, harassing, and oppressive.

28. Plaintiff may enforce the provisions of 15 U.S.C. § 1692d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. § 1692d(5);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: January 30, 2020          Respectfully submitted,

**KARLA S. REIKEN**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
Victor T. Metroff
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com
vmetroff@sulaimanlaw.com